JOHN S. LEONARDO
United States Attorney
District of Arizona
Roger Dokken
Assistant U.S. Attorney
Arizona State Bar No. 3778
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: roger.dokken@usdoj.gov
Attorneys for Plaintiff

FILED ✓ LODGED
RECEIVED ___ COPY
JAN 1 2 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✗ FILED ___ LODGED
___ RECEIVED ___ COPY
APR 1 5 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

                          Plaintiff,

          vs.

Sankey Jim Reid,

                          Defendant.

CR-14-8086-PCT-DLR-(BSB)

**PLEA AGREEMENT**

Plaintiff, United States of America, and the defendant, Sankey Jim Reid, hereby agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

The defendant will plead guilty to **Second Degree Murder**, a lesser included offense of Count 6 of the indictment charging the defendant with, a violation of 18 United States Code (U.S.C.) § 1111, and 1153, a Class A felony offense.

**2.    MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. § 1111, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of life years, or both, and a term of supervised release of 5 years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be



1    appropriate;

2          (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

3    fine is not appropriate;

4          (3)     serve a term of supervised release when required by statute or when

5    a sentence of imprisonment of more than one year is imposed (with the understanding

6    that the Court may impose a term of supervised release in all other cases); and

7          (4)     pay upon conviction a $100.00 special assessment for each count to

8    which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

9          c.     The Court is required to consider the Sentencing Guidelines in determining

10    the defendant's sentence. However, the Sentencing Guidelines are advisory, and the

11    Court is free to exercise its discretion to impose any reasonable sentence up to the

12    maximum set by statute for the crime(s) of conviction, unless there are stipulations to the

13    contrary that the Court accepts.

14    **3.    AGREEMENTS REGARDING SENTENCING**

15          a.     There are no agreements as to sentencing except that if the defendant makes

16    full and complete disclosure to the U.S. Probation Office of the circumstances

17    surrounding the defendant's commission of the offense, and if the defendant

18    demonstrates an acceptance of responsibility for this offense up to and including the time

19    of sentencing, the United States will recommend a three-level reduction in the applicable

20    Sentencing Guidelines offense level

21          b.     Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant

22    specifically agrees to make restitution for ~~both~~ counts, in an amount to be determined by

23    the Court at the time of sentencing but in no event more than $500,000.00

24    **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

25          a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss the

26    remaining counts of the indictment..

27          b.     This agreement does not, in any manner, restrict the actions of the United

28
                                        - 2 -

1  States in any other district or bind any other United States Attorney's Office.

2  **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

3          a.    If the Court, after reviewing this plea agreement, concludes that any
4  provision contained herein is inappropriate, it may reject the plea agreement and give the
5  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
6  11(c)(5).

7          b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
8  vacated, or reversed at any time, this agreement shall be null and void, the United States
9  shall be free to prosecute the defendant for all crimes of which it then has knowledge and
10 any charges that have been dismissed because of this plea agreement shall automatically
11 be reinstated.  In such event, the defendant waives any and all objections, motions, and
12 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
13 restrictions in bringing later charges or proceedings.  The defendant understands that any
14 statements made at the time of the defendant's change of plea or sentencing may be used
15 against the defendant in any subsequent hearing, trial, or proceeding subject to the
16 limitations of Fed. R. Evid. 410.

17 **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

18         a.    Providing the defendant's sentence is consistent with this agreement, the
19 defendant waives (1) any and all motions, defenses, probable cause determinations, and
20 objections that the defendant could assert to the indictment or information; and (2) any
21 right to file an appeal, any collateral attack, and any other writ or motion that challenges
22 the conviction, an order of restitution or forfeiture, the entry of judgment against the
23 defendant, or any aspect of the defendant's sentence, including the manner in which the
24 sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742
25 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions),
26 and any right to file a motion for modification of sentence, including under Title 18,
27 United States Code, Section 3582(c).  The defendant acknowledges that if the Court has

28

sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

**7.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**ELEMENTS**          *Second Degree Murder RD*
                                          *2nd*      *GA*

                       **Name of the Offense**

On or between **April 13, 2014**, in the District of Arizona:

1.      **The defendant unlawfully killed the victim; and**

2.      **The defendant killed the victim with malice aforethought, that is either**

            **deliberately and intentionally or recklessly with extreme disregard**

            **for human life; and**

3.      **The defendant is an Indian; and**

4.      **The incident occurred on an Indian Reservation in Arizona.**

9.    **FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**On April 13, 2014 in Kayenta, Arizona Sankey Reid did intentionally kill the victim.  They had been drinking together but the victim eventually tried to escape. Sanky Reid then tried to suffocate her to quiet her.  He then put her in front of his car and ran her over a number of times to make it look an accident.  He then dumped body down an embankment by road.  The medical examiner found that she died of crushing injuries to the head and body. When questioned by an FBI agent, the defendant accepted responsibility and admitted to killing the victim.**

**The incident occurred on the Navajo Indian Reservation which is a federally recognized Indian tribe and I am an Indian who is subject to the special jurisdiction of the United States on Indian reservations.**

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by

- 5 -

the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea.    Any additional

1   agreements, if any such agreements exist, shall be recorded in a separate document and

2   may be filed with the Court under seal; accordingly, additional agreements, if any, may

3   not be in the public record.

4        I further agree that promises, including any predictions as to the Sentencing

5   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

6   (including my attorney) that are not contained within this written plea agreement, are null

7   and void and have no force and effect.

8        I am satisfied that my defense attorney has represented me in a competent manner.

9        I fully understand the terms and conditions of this plea agreement.  I am not now

10  using or under the influence of any drug, medication, liquor, or other intoxicant or

11  depressant that would impair my ability to fully understand the terms and conditions of

12  this plea agreement.

13

14  <u>            1-12-15          </u>        <u>                                        </u>
    Date                                 Sankey Jim Reid
15                                        Defendant

16

17              **<u>APPROVAL OF DEFENSE COUNSEL</u>**

18       I have discussed this case and the plea agreement with my client in detail and have

19  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

20  constitutional and other rights of an accused, the factual basis for and the nature of the

21  offense to which the guilty plea will be entered, possible defenses, and the consequences

22  of the guilty plea including the maximum statutory sentence possible.  I have further

23  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

24  assurances, promises, or representations have been given to me or to the defendant by the

25  United States or any of its representatives that are not contained in this written

26  agreement.  I concur in the entry of the plea as indicated above and that the terms and

27  conditions set forth in this agreement are in the best interests of my client.  I agree to

28  make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

                                       - 7 -

1   requirements of Fed. R. Crim. P. 11.

2   _1/12/15_____          _Jeffrey A Williams_____

3   Date                                Jeffrey Allen Williams
                                        Attorney for Defendant
4

5                   **APPROVAL OF THE UNITED STATES**

6       I have reviewed this matter and the plea agreement.  I agree on behalf of the

7   United States that the terms and conditions set forth herein are appropriate and are in the

8   best interests of justice.

9

10                                      JOHN S. LEONARDO
                                        United States Attorney
11                                      District of Arizona

12  _1/12/15_____          _____

13  Date                                Roger Dokken
                                        Assistant U.S. Attorney
14

15

16

17                  **ACCEPTANCE BY THE COURT**

18

19

20

21

22  Date _4-14-15_                      _____
                                        United States District Judge
23

24

25

26

27

28
                                    - 8 -